IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **VICTORIA LANDRUM**, an individual, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: |
| v. | : |
| | : **JURY TRIAL DEMANDED** |
| **CONAIR CORPORATION d/b/a** | : |
| **CUISINART**, a Delaware Corporation, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, **VICTORIA LANDRUM** (hereinafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, and **WOCL LEYDON LLC,** hereby submits the following Complaint and Demand for Jury Trial against Defendant **CONAIR CORPORATION d/b/a CUISINART** (hereinafter referred to as "Defendant Cuisinart" or "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. Defendant Cuisinart designs, manufactures, markets, imports, distributes and sells a wide-range of consumer kitchen products, including the subject "Cuisinart Electric Pressure Cooker," which specifically includes the Model Number CPC-600 (hereinafter referred to as "pressure cooker(s)" or "subject pressure cooker") that is at issue in this case.

1

2. Defendant touts the "safety"[1] of their pressure cookers, and state that they cannot be opened while in use. Despite Defendants' claims of "safety," they designed, manufactured, marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements to the contrary, the lid of the pressure cooker is removable while built-up pressure, heat, and steam still remain inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be forcibly ejected from the unit and into the surrounding area, including onto unsuspecting consumers, their families, and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, catastrophic burn injuries to, *inter alia*, her chest.

4. Defendant knew or should have known of these defects, but nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. As a direct and proximate result of Defendant Cuisinart's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

---

[1] *See*, e.g. Cuisinart Pressure Cooker Owner's manual, pgs. 6 and 7. A copy of the Owner's manual is attached hereto as "Exhibit A."

## PLAINTIFF VICTORIA LANDRUM

6.     Plaintiff was and is, at all relevant times, a resident of the City of Moss Point, County of Jackson, State of Mississippi.  Plaintiff has resided in the City of Moss Point, County of Jackson, State of Mississippi from the time of her injuries through the present, and is therefore deemed a resident and citizen of the State of Mississippi for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7.     On or about April 3, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the subject pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Safety Features,"[2] which purport to keep the consumer safe while using the pressure cooker.  In addition, the incident occurred as the result of Defendants' failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

## DEFENDANT CONAIR CORPORATION d/b/a CUISINART

8.     Defendant Cuisinart designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9.     Defendant Cuisinart is a Delaware Corporation, with a principal place of business located at One Cummings Point Road, Stamford, Connecticut 06902, and does business in all 50 states. Defendant is deemed a resident and citizen of both the State of Delaware and the State of Connecticut for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[2] *Id*.

10. At all times relevant, Defendant Cuisinart substantially participated in the design, manufacture, marketing, distribution, and sale of the subject pressure cooker, which caused Plaintiff's injuries and damages.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction as prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Cuisinart is a resident and citizen of this district

13. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Connecticut and intentionally availed itself of the markets within Connecticut through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

14. Defendant Cuisinart is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing, and selling the pressure cookers at issue in this litigation.

15. According to the Owner's Manual accompanying each individual unit sold, Defendant's pressure cookers purport to be designed with a "seven safety devices installed in the pressure cooker to assure its reliability,"[3] misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Said "safety devices" include the following:

---

[3] *Id.* at pg. 6.

4

    a. **Open-and-Close Lid Safety Device:** The appliance will not start pressurizing until the lid is closed and locked properly. ***<u>The lid cannot be opened if the appliance is filled with pressure.</u>*** (emphasis added).

    b. **Pressure Control Device:** The correct pressure level is automatically maintained during the cooking cycle.

    c. **Pressure Limit Valve:** The pressure limit valve will release air automatically when the pressure inside exceeds the preset temperature.

    d. **Anti-Block Cover:** Prevents any food material from blocking the pressure limit valve.

    e. **Pressure Relief Device:** When the pressure cooker reaches the maximum allowable pressure and temperature, the cooking pot will move down until lid separates from the sealing ring, releasing air pressure.

    f. **Thermostat:** The power will automatically shut off when the cooking pot temperature reaches the preset value, or the pressure cooker is heating without any food inside.

    g. **Thermal Fuse:** The circuit will be opened when the pressure cooker reaches the maximum temperature.

16. The Owner's Manual further claims that that "[t]he raised red float indicates you are cooking under pressure. ***<u>The lid is double-locked and cannot be opened</u>***." (emphasis added) and that "[w]hen pressure is fully released, the float (pressure indicator) will drop and the lid will unlock to open."[4]

17. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family

---

[4] *Id.* at pg. 5.

purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

18. Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by Defendant Cuisinart.

19. However, the aforementioned pressure cooker was defectively designed and manufactured by Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant Cuisinart's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant Cuisinart's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23. Defendant knew or should have known that its pressure cookers possessed defects that posed a safety risk to Plaintiff and the public. Nevertheless, Defendant Cuisinart ignored and/or concealed its knowledge of the pressure cookers' defects from the general public and continued generating a substantial profit from the sale of their pressure cookers.

24. As a direct and proximate result of Defendant Cuisinart's concealment of such defects, its

failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the pressure cooker.

25. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant Cuisinart's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **CLAIMS FOR RELIEF**

### COUNT I
### CONNECTICUT PRODUCT LIABILITY ACT
### C.G.S.A. §52-572m, et seq.

26. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding and succeeding paragraphs as though set forth fully at length herein.

27. Plaintiff is a "claimant" as the term is defined by C.G.S.A. §52-572m(c).

28. At all times relevant to this action, Defendant Cuisinart engaged in the business of selling its pressure cookers for use in the State of Connecticut, and elsewhere throughout the United States, and is therefore a "product seller" as the term is defined by C.G.S.A. §52-572m(a).

29. At all times relevant to this action, Defendant Cuisinart designed, assembled, fabricated, constructed, processed, packaged, and/or otherwise prepared the pressure cooker at issue in this case and is therefore a "manufacturer" as the term is defined by C.G.S.A. §52-572m(e).

30. At the time of Plaintiff's injuries, Defendant Cuisinart's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

31. Defendant Cuisinart's pressure cookers were in the same or substantially similar condition as when they left Defendant's possession

32. Plaintiff did not misuse or materially alter the subject pressure cooker.

33. Defendant Cuisinart's conduct and omissions violated C.G.S.A. §52-572m, et seq, as follows:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant failed to adequately test the pressure cookers;

   f. Defendant failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury posed by their pressure cookers; and

   g. Defendant failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

34. Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

35. Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

36. Despite the fact that Defendant knew or should have known that consumers were able to remove the lid while the pressure cookers were still pressurized, Defendant continued to market its pressure cookers to the general public.

37. Defendant risked the safety and well-being of the consumers and users of their pressure cookers, including the Plaintiff to this action, while possessing the knowledge of the pressure cookers' safety and efficacy problems, and suppressed this knowledge from the public.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cuisinart for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

## COUNT II
## PUNITIVE DAMAGES
## C.G.S.A. §52-240B

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

39. The acts, conduct, and omissions of Defendant in violation of the C.G.S.A. §52-572m, et seq., as alleged in this Complaint, were committed with reckless disregard for the safety of consumers, such as Plaintiff, to whom Defendant's pressure cookers were promoted and sold for use.

40. Despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made a conscious decision not to redesign the product, despite the existence of an economically feasible, safer alternative design.

41. Further, despite its knowledge that the lid could be prematurely removed while the unit remained pressurized, Defendant made a conscious decision not to adequately label, warn, or

inform the unsuspecting consuming public about the dangers associated with the use of its pressure cookers.

42. Prior to and during the manufacturing, sale, and distribution of its pressure cookers, Defendant knew that said pressure cookers were in a defective condition as previously described herein, and knew that those who purchased and used their pressure cookers, including Plaintiff, could experience severe physical, mental, and emotional injuries.

43. Further, Defendant knew that its pressure cookers presented a substantial and unreasonable risk of harm to the public, including Plaintiff, and as such, Defendant unreasonably subjected consumers of said pressure cookers to risk of serious and permanent injury from their use.

44. Despite this knowledge, Defendant, for the purpose of enhancing its profits, knowingly and deliberately failed to remedy the known defects in its pressure cookers, and failed to warn the public, including Plaintiff, of the extreme risk of injury occasioned by said defects inherent in them. Defendant intentionally proceeded with the manufacturing, sale, distribution and marketing of its pressure cookers knowing these actions would expose consumers, such as Plaintiff, to serious danger in order to advance its pecuniary interest and monetary profits.

45. As a direct and proximate consequence of Defendant's reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff suffered catastrophic burn injuries including, *inter alia*, burns to her chest.

46. As a direct and proximate consequence of Defendant's reckless disregard for consumer safety, and the safety of Plaintiff, Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Cuisinart for compensatory and punitive damages, together with interest, costs of suit, and all such other relief as the Court deems proper.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant Cuisinart for damages, including punitive damages if applicable, to which she is entitled by law, as well as all costs of this action and interest, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. punitive damages as permitted by the law;

e. a trial by jury on all issues of the case; and

f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully Submitted,

Dated: March 27, 2023                    THE PLAINTIFF

*/s/ Brenden P. Leydon*
Brenden P. Leydon, Esq.
**WOCL LEYDON LLC**
80 Fourth Street
Stamford, CT 06905
(203) 333-3339 / (203) 324-1407 (fax)
BLeydon@woclleydon.com
Federal Bar No.: CT16026

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN #0397289)
*Pro Hac Vice to be filed*

Anna R. Rick, Esq. (MN #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiffs***